**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN B., <br><br> **Plaintiff,** <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> **Defendant.** | Civil Action No.: 22-3912 (ES) <br><br> **OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiff Martin B. ("Plaintiff" or "Claimant") appeals the decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq*. (*See* D.E. No. 1). Before the Court is the Commissioner's motion to remand this matter for further proceedings. (D.E. No. 8 ("Motion")). Plaintiff opposes the Motion. (D.E. No. 9). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court **GRANTS** the Commissioner's motion to remand.

**I.     BACKGROUND**

On September 14, 2018, Plaintiff filed an application for DIB alleging disability beginning on March 9, 2018. (D.E. No. 4, Administrative Record ("R.") at 279–85).[1] He claimed disability based on several impairments including bone pain in the back and legs, arthritis, and diabetes. (*Id.* at 326). His application was denied initially and on reconsideration. (*Id.* at 89–96). On April 26,

---

[1] Plaintiff later amended his alleged onset date to October 1, 2018 at the hearing before the Administrative Law Judge ("ALJ"). (R. at 44).

1

2021, an ALJ held a hearing, at which Plaintiff and a vocational expert testified. (*Id.* at 40–64).

On August 19, 2021, the ALJ denied Plaintiff's application for DIB. (*Id.* at 19-27). The ALJ held that Plaintiff is not disabled under the Act because he has the residual functional capacity ("RFC") to perform his past relevant work ("PRW") as a "Binder, Machine Feeder." (*Id.* at 26). More specifically, the ALJ determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b), with exceptions. The claimant can never climb ropes, ladders or scaffolds; never be exposed to unprotected heights; occasionally climb stairs and ramps; never crawl; occasionally kneel; occasionally stoop and crouch; and frequently balance.

(*Id.* at 23). Next the ALJ classified Plaintiff's PRW as "Binder, Machine Feeder" (Dictionary of Occupational Titles ("DOT") #653.686-026), describing such work as

> generally performed in the national economy at the light level of exertion, actually performed by the claimant at the medium level of exertion, and carrying a[] [specific vocational preparation level] ["SVP"] of 2, making the work unskilled.

(*Id.* at 26). The ALJ determined that, given his RFC, Plaintiff could continue performing his PRW as "Binder, Machine Feeder," and thus was not disabled. (*Id.* at 26–27).

On April 12, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 1–9). Plaintiff filed the instant appeal on June 15, 2022, which the Court has subject-matter jurisdiction to decide under 42 U.S.C. § 405(g). (D.E. No. 1). On October 11, 2022, Plaintiff filed a brief in support of the instant appeal. (D.E. No. 7). The Commissioner subsequently moved to remand. (D.E. No. 8-1 ("Mov. Br.")). Plaintiff opposed, and the Commissioner filed a reply. (D.E. No. 9 ("Opp. Br.")); (D.E. No. 10 ("Reply")).

## II.    LEGAL STANDARD

### A.    Standard Governing Benefits

To qualify for DIB, a claimant must show that he is "disabled" within the meaning of the Act. 42 U.S.C. § 423(a)(1)(E). Disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

"The Commissioner uses a five-step process when making disability determinations . . . ." *Dellapolla v. Comm'r of Soc. Sec.*, 662 F. App'x 158, 160 (3d Cir. 2016) (citing 20 C.F.R. § 404.1520). "The claimant bears the burden of proof for steps one, two, and four," and "[t]he Commissioner bears the burden of proof for the last step." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). "Because step three involves a conclusive presumption based on the listings, no one bears that burden of proof." *Id.* at 263 n.2. If the determination at a particular step is dispositive of whether the claimant is or is not disabled, the inquiry ends. *See* 20 C.F.R. § 404.1520(a)(4).

***Step One.***  At step one, the claimant must show that he has not engaged in any substantial gainful activity since the onset date of his severe impairment. 20 C.F.R. § 404.1520(a)(4)(i). If an individual engages in substantial gainful activity, he is not disabled under the Act, regardless of the severity of his impairment or other factors such as age, education, and work experience. 20 C.F.R. § 404.1520(b). If the plaintiff demonstrates he has not engaged in substantial gainful

3

activity, the analysis proceeds to step two.

*Step Two.*   At step two, the claimant must show that his medically determinable impairments or a combination of impairments were "severe" as of the date last insured ("DLI"). 20 C.F.R. § 404.1520(a)(4)(ii).   An "impairment or combination of impairments" is not "severe" unless it "significantly limits [the claimant's] physical or mental ability to do basic work activities." *See, e.g.*, *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quoting 20 C.F.R. § 404.1520(c)).

*Step Three.*   At step three, the claimant may show, based on medical evidence, that his impairments met or equaled an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § Part 404, Subpart P, Appendix 1 ("Listings") as of the DLI.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).   If the claimant makes such a showing, he is presumptively disabled and entitled to benefits.   If he does not make the showing, he proceeds to step four.

*Step Four.*   At step four, the claimant must show that he lacked the residual functional capacity to perform his past relevant work as of the DLI.  20 C.F.R. § 404.1520(a)(4)(iv); *see, e.g.*, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).   If the claimant lacks the RFC to perform his past relevant work, the analysis proceeds.  *See, e.g.*, *Plummer*, 186 F.3d at 428.

*Step Five.*   In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on his age, education, work experience, and RFC.   20 C.F.R. § 404.1520(a)(4)(v).   If the Commissioner shows that the claimant is able to perform jobs that exist in significant numbers in the national economy, the claimant is not entitled to benefits.  *See id.*

**B.     Standard of Review**

The Court exercises plenary review of the ALJ's application of the law and reviews factual

4

findings for "substantial evidence." *See* 42 U.S.C. §§ 405(g); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea*, 370 F.3d at 360.

Importantly, the Court is bound by the ALJ's findings of fact that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). Thus, the Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Finally, while failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

Section 405(g) of the Social Security Act governs judicial review of Social Security Administration decisions. 42 U.S.C. § 405(g). Under sentence four of 42 U.S.C. § 405(g), a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Rangel v. Colvin*, No. 15-5826, 2016 WL 4267949, at *2 (D.N.J. Aug. 12, 2016). A "sentence four" remand is appropriate in several situations, including where the ALJ "fail[s] to address evidence in direct conflict with his/her

5

findings . . . ." *Rangel*, 2016 WL 4267949, at *2 (quoting *Landeta v. Comm'r of Soc. Sec.*, 191 Fed. App'x 105, 110 (3d Cir. 2006)); *see also Okunuga v. Astrue*, No. 09-2058, 2011 WL 445100, at *1 (D.N.J. Feb. 4, 2011). A district court should decline to remand, and instead award benefits, "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the [c]laimant is disabled and entitled to benefits." *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986). But the Third Circuit has emphasized that "[w]hen an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases." *Zied v. Astrue*, 347 Fed. App'x 862, 865 (3d Cir. 2009); *see also Dobrowolsky v. Califano*, 606 F.2d 403, 406–07 (3d Cir. 1979). ("This Court has repeatedly emphasized that the special nature of proceedings for disability benefits dictates extra care on the party of the agency in developing an administrative record and in explicitly weighing all evidence.").

## III. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of Plaintiff's disability. (R. at 21).

At step two, the ALJ determined that Plaintiff had the severe impairment of "back impairment of lumbago, with sciatica." (*Id.* at 21–22). The ALJ further concluded that Plaintiff's GERD, diabetes, and polyneuropathy were non-severe impairments. (*Id.* at 22).

At step three, the ALJ considered Listings 1.15 for disorders of the skeletal spine resulting in compromise of a nerve root(s); and 1.16 for lumbar spinal stenosis resulting in compromise of the cauda equina. (*Id.*). The ALJ ultimately determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed by the regulations. (*Id.* at 22–23).

6

At step four, the ALJ concluded that Plaintiff had the RFC to perform light work, with certain exceptions. (*Id.* at 23). "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; if someone can do light work, that individual can also do sedentary work. 20 CFR § 404.1567(b). The ALJ found that Plaintiff could never climb ropes, ladders or scaffolds; could never be exposed to unprotected heights; could occasionally climb stairs and ramps; could never crawl; could occasionally kneel; could occasionally stoop and crouch; and could frequently balance. (R. at 23). In making this determination, the ALJ partially rejected the opinions of Disability Determination Services ("DDS") medical consultants, who had opined that Plaintiff could "occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday." (*Id.* at 25). The ALJ explained that he found these opinions "only partially persuasive" because they were inconsistent with the overall medical evidence in the record, which reflected that Plaintiff "is limited to light work, with additional limitations, due to severe lumbago with sciatica." (*Id.*) The ALJ further explained that he found the opinions of the DDS medical consultants partially persuasive because "the DDS consultants did not have the benefit of observing the claimant personally, and they did not incorporate the entirety of the claimant's limitations." (*Id.*).

Next the ALJ classified Plaintiff's PRW as "Binder, Machine Feeder" (DOT #653.686-026), describing such work as

> generally performed in the national economy at the light level of exertion, actually performed by the claimant at the medium level of exertion, and carrying an SVP of 2, making the work unskilled.

(*Id.* at 26). In general, the DOT describes the job of a Binder, Machine Feeder as feeding and off-loading paper into and off of a machine that automatically performs operations like folding and

7

cutting sheets to form books, magazines, catalogs, and pamphlets. (653.686-026 Bindery-machine Feeder-off bearer, DICOT 653.686-026). In determining that Plaintiff's PRW was that of a "Binder, Machine Feeder," the ALJ rejected vocational expert testimony that Plaintiff's PRW was that of "Book Binder" (DOT #977.381-010) (medium, SVP 7). (R. at 26). In general, the DOT describes the job of a Book Binder as cutting, assembling, gluing, and sewing components to bind books using automatic and manually operated machines and equipment. (977.381-010 Bookbinder, DICOT 977.381-010). In contrast to the work of a Binder, Machine Feeder, the work of a Book Binder is quantified as an SVP level of 7—in other words, it is a skilled job. (DOT #977.381-010)**;** Social Security Ruling ("S.S.R.") 00–4p, 2000 WL 1898704, at *3 ("skilled work corresponds to an SVP of 5-9 in the DOT"). According to the ALJ, the vocational expert initially opined that Plaintiff's PRW was that of a Book Binder "based solely on the claimant's testimony that it took him years to learn his job." (R. at 26). However, according to the ALJ, who cited to the Plaintiff's Work History Report, the evidence indicated that "the claimant merely filled boxes with paper," which was "more in line with the Binder, Machine Feeder job." (*Id.*). The ALJ also explained that the DDS indicated that Plaintiff's PRW was that of "Binder, Machine Feeder." (*Id.*). Because the ALJ determined that Plaintiff's PRW was that of "Binder, Machine Feeder," which was generally performed at a light level of exertion in the national economy, and given his RFC, the ALJ found that Plaintiff could hypothetically continue performing his PRW and thus was not disabled at step four. (*Id.* at 26–27).

**IV.     DISCUSSION**

On appeal, Plaintiff argues that the ALJ's determination at step four was not supported by substantial evidence because (i) the ALJ improperly characterized Plaintiff's PRW as that of a Binder, Machine Feeder, rather than that of a Book Binder; and (ii) the ALJ improperly, and

8

without explanation, rejected portions of the DDS consultants' opinions in formulating Plaintiff's RFC. (D.E. No. 7 at 10–22). The Commissioner filed a contested motion to remand on November 28, 2022, along with a proposed order and proposed judgment order. (*See* Motion). In the Motion, the Commissioner concedes that additional evaluation of Plaintiff's claim is warranted in order to determine whether Plaintiff is disabled under the Act. More specifically, the Commissioner explains that remand is necessary because further development of the record is required to appropriately classify Plaintiff's PRW. (Mov. Br. at 2). Plaintiff opposes the Commissioner's Motion, arguing that a reversal and award of benefits is more appropriate. (*See generally* Opp. Br.). First, Plaintiff contends that further development of the record is not necessary to appropriately classify Plaintiff's PRW, because the evidence of record overwhelmingly indicates that Plaintiff's PRW is that of a Book Binder. (*Id.* at 2–3). Second, Plaintiff argues that remand is not necessary because even if Plaintiff's PRW is that of a Binder, Machine Feeder, as the ALJ concluded, Plaintiff would still be precluded from performing this work based on the ALJ's own evaluation of the opinion evidence. (*Id.* at 3). As such, Plaintiff requests that the Court reverse the decision of the ALJ and award benefits. (*Id.* at 5). Accordingly, the Court must determine whether to remand this matter for further proceedings or reverse the Commissioner's decision and award benefits. For the reasons set forth below, the Court agrees with the Commissioner and finds that remand, rather than an award of benefits, is appropriate.

### A. Characterization of Plaintiff's PRW

As discussed, Plaintiff argues that the ALJ's classification of Plaintiff's PRW as "Binder, Machine Feeder" is not supported by substantial evidence. (D.E. No. 7 at 10–17). Specifically, Plaintiff argues that the ALJ (i) improperly rejected Plaintiff's explanation of his work, as well as vocational expert testimony, which indicated that Plaintiff's PRW was that of "Book Binder" (*id.*

at 11–12); (ii) failed to consider a second vocational expert opinion submitted pre-hearing that also opines that Plaintiff's PRW was that of "Book Binder" (*id.* at 16–17); and (iii) improperly relied on Plaintiff's Work History Report and DDS opinions to determine Plaintiff's PRW. (*Id.* at 12–16). In the motion to remand, the Commissioner concedes that remand is necessary because further development of the record is required to appropriately classify Plaintiff's PRW. (Mov. Br. at 2). Plaintiff contends that further development of the record is not necessary to appropriately classify Plaintiff's PRW, because the evidence of record overwhelmingly indicates that Plaintiff's PRW is that of a Book Binder. (*Id.* at 2–3). For the reasons set forth below, the Court agrees with the Commissioner.

At step four of the five-step sequential evaluation process, an ALJ must determine whether the claimant is able to do past relevant work, considering his or her residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(iv). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). An ALJ must consider whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). This step involves three substeps: (i) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (ii) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (iii) the ALJ must compare the residual functional capacity to the past relevant work to determine whether the claimant has the level of capability needed to perform the past relevant work. *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 120 (3d Cir. 2000). Social Security Ruling 82–62 sets forth the evidence which should be considered in making a determination of a claimant's past relevant work:

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally

> sufficient for determining the skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

S.S.R. 82–62. "The assessment of a claimant's past relevant work must be based on some evidence drawn from the above three categories listed in S.S.R. 82–62." *Burnett,* 220 F.3d at 123 (citing *Brewster v. Heckler,* 786 F.2d 581, 584 (3d Cir.1986)). "Additionally, a vocational expert or specialist can offer relevant evidence within his or her knowledge or expertise concerning the physical and mental demands of a claimant's past relevant work, either as actually or generally performed in the national economy." *Salas-Perez v. Colvin*, No. 14-2357, 2016 WL 3583815, at *10 (M.D. Pa. June 30, 2016); *Tyler v. Astrue*, No. 10-0599, 2012 WL 4497418, at *9 (D. Del. Sept. 28, 2012) (finding that "[t]here was substantial evidence to support the ALJ's determination that [p]laintiff's past relevant work was properly characterized" in light of the testimony of the claimant and the vocational expert); *see also* 20 C.F.R.§ 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work").

Here, the ALJ classified Plaintiff's PRW as that of a Binder, Machine Feeder, which is generally performed in the national economy at a light level of exertion and carries an SVP of 2, making the work unskilled. (R. at 26). As the Commissioner points out (Mov. Br. at 5), in making

11

this determination, the ALJ appears to have relied on Plaintiff's representations made in a Work History Report and Plaintiff's testimony at the ALJ hearing. (R. at 26 (citing R. at 333–35)). More specifically, in his Work History Report, Plaintiff characterized his previous jobs as "Machine Operator," explained that he lifted and carried paper filled boxes, and denied using technical knowledge or skills in these prior jobs. (*Id.* at 333–35). Further, during the ALJ hearing, Plaintiff testified that he previously worked as a "preparer of bindery machines . . . in the department where they would fold to connect books." (*Id.* at 47). Plaintiff further testified that he had previously worked as a machine operator and explained that in that role he would prepare "big sheets of paper . . . for it go into the machine." (*Id.* at 48). Based on these representations, the ALJ found that Plaintiff's work was fairly characterized as unskilled work, and more consistent with that of a Binder, Machine Feeder, which carries an SVP of 2. (*Id.* at 26). In reaching this conclusion, the ALJ also appears to have relied on the fact that the DDS likewise opined that Plaintiff's PRW was that of a Binder, Machine Feeder. (*Id.* at 26, 71–72 & 81–82).

However, there was conflicting evidence in the record regarding Plaintiff's PRW as well. To start, as the ALJ pointed out, the vocational expert who testified at the hearing initially classified Plaintiff's PRW as that of a Book Binder, rather than Binder, Machine Feeder, based on Plaintiff's testimony that it took him years to learn his job. (*Id.* at 26). More specifically, when asked by the vocational expert during the ALJ hearing how long it took him to learn his past job, Plaintiff replied, "In the first one, I didn't know anything. I was just sweeping the floors, but then, little by little, I learned. . . . To become an operator, it took me a while: about ten years." (*Id.* at 49). Based on this testimony, the vocational expert determined that Plaintiff's PRW was fairly characterized as skilled work, and more consistent with that of a Book Binder, which carries an SVP of 7. (*Id.* at 26). Plaintiff also submitted a vocational expert report during the administrative

process, which opined that Plaintiff's PRW should be classified as that of a Book Binder. (*Id.* at 388–90).

As the Commissioner points out, the ALJ failed to resolve the discrepancy between the vocational expert's testimony, the vocational expert report submitted by Plaintiff during the administrative process and the competing evidence in Plaintiff's Work History Report, Plaintiff's testimony at the administrative hearing, and the DDS opinions. (Mov. Br. at 5–7). More specifically, despite the fact that Plaintiff testified during the ALJ hearing that it took him ten years to learn his previous job, neither the ALJ nor Plaintiff's counsel elicited clarifying testimony from Plaintiff regarding why it took him so long to learn his previous job, particularly in view of his representations in his Work History Report that he used no technical knowledge or skills in his prior work and his other testimony which indicated that his job involved loading paper into a machine. Because the ALJ failed to resolve the discrepancies between this competing evidence, the Court finds that remand is appropriate here to appropriately classify Plaintiff's PRW. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided.").

Plaintiff's arguments to the contrary are unavailing. *First*, Plaintiff contends that further development of the record is not necessary to appropriately classify Plaintiff's PRW, because the evidence of record overwhelmingly indicates that Plaintiff's PRW is that of a Book Binder. (Opp. Br. at 2–3). As such, Plaintiff contends that the Court can simply reverse the ALJ's decision and award benefits. (*Id.*). The Court disagrees. It is appropriate for a district court to award benefits "only when the administrative record of the case has been fully developed and when substantial

13

evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984). On the other hand, "[w]here an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases." *Rangel*, 2016 WL 4267949, at *3 (quoting *Zied v. Astrue*, 347 Fed. App'x. 862, 865 (3d Cir. 2009)); *see also Okunuga*, 2011 WL 445100, at *2. Here, the Court cannot say that the administrative record of the case has been fully developed and that substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. While it is true that two vocational experts opined that Plaintiff's PRW was that of a Book Binder, there was also, as recounted above, conflicting evidence in the record, including in Plaintiff's Work History Report, in Plaintiff's testimony, and in opinions from DDS, which suggested that Plaintiff's PRW was fairly characterized as unskilled work, and more consistent with that of a Binder, Machine Feeder. (R. at 47–48, 71–72, 81–82 & 333–35). Even Plaintiff acknowledges that the question "as to whether Plaintiff's past work was as a Book Binder or Binder, Machine Feeder is the only *unresolved factual issue*." (Opp. Br. at 2 (emphasis added)). And as recounted above, the ALJ failed to resolve the discrepancies between this competing evidence. As such, because it is not this Court's role to resolve factual ambiguities in the administrative record, the Court finds that remand is appropriate here because further development of the record is required to appropriately classify Plaintiff's PRW. See *Rangel*, 2016 WL 4267949, at *3 (granting the Commissioner's motion to remand for further proceedings in order to allow the ALJ to address potential conflicts in the testimony of two vocational experts).

*Second*, Plaintiff argues that a directed finding of disability is warranted regardless of how his past relevant work is classified because the DDS consultants opined that "Plaintiff must avoid

14

*all exposure* to machinery"—which, allegedly, would disqualify Plaintiff from his PRW regardless of how it is classified. (Opp. Br. at 3). The Court disagrees. As the Commissioner points out (Reply at 3), the ALJ never determined that Plaintiff must avoid all exposure to machinery. (*See* R. at 23). In other words, it does not appear that the ALJ adopted the portion of the DDS consultants' findings that allegedly state that Plaintiff must avoid all exposure to machinery. Accordingly, in order to determine that Plaintiff must in fact avoid all exposure to machinery, the Court would have to make a factual determination based on its review of the administrative record. However, the Third Circuit has emphasized that "a District Court has no fact-finding role in reviewing social security disability cases." *Zied*, 347 Fed. App'x at 865. Further, as the Commissioner points out, whether Plaintiff must in fact avoid *all exposure* to machinery based on the DDS consultants' opinions is something that can be further developed on remand. (Reply at 4). As such, the Court cannot say that a directed finding of disability is warranted in this case regardless of how Plaintiff's PRW is classified based on the findings of the DDS consultants.[2]

Plaintiff's cited case law does not lead this Court to reach a contrary conclusion. To start, Plaintiff cites *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000), for the proposition that an award of benefits is appropriate where there has been inordinate delay, where the existing record contains substantial evidence supporting a finding of disability, and where the record is unlikely to change.

---

[2] In his Opposition Brief, Plaintiff notes that to the extent the Commissioner makes mention of a potential issue regarding transferability of Plaintiff's work skills in the request for remand, the record is already fully developed as to this issue. (Opp. Br. at 4). Transferability is defined as applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs. S.S.R. 82-41. Transferability of skills is an issue where an individual's impairments prevent the performance of PRW and that work has been determined to be skilled or semiskilled. *Id.* Plaintiff points out that the ALJ already found that the job of a Binder, Machine Feeder was an unskilled job that did not have transferable skills. (Opp. Br. at 4). Further Plaintiff points out that a vocational expert already testified that there would be no transferable skills from the Book Binder position either. (*Id.* (citing R. at 62)). As such, Plaintiff contends that the record is already fully developed as to transferability of skills. Nevertheless, as already discussed, remand is necessary here because further development of the record is required to appropriately classify Plaintiff's PRW, and accordingly to determine whether Plaintiff can continue performing his PRW in the first instance.

15

(Opp. Br. at 5–6). *Morales* is unlike Plaintiff's case in that, in *Morales*, the matter had already been remanded for further proceedings once before and the determination of disability had taken ten years. *Morales*, 225 F.3d at 320. As such, the Third Circuit explained that it was highly unlikely that any productive development of the record would be made upon another remand. *Id*. By contrast, the Court is convinced that the Commissioner may productively develop the record upon a first remand in the instant case. Plaintiff also cites to *Trotta v. Berryhill*, No. 17-01556, 2018 WL 6737449, at *15 (E.D. Pa. Dec. 21, 2018). (Opp. Br. at 6). This case is similarly distinguishable in that at the time *Trotta* was decided, it had already been remanded for further proceedings once before. *Trotta*, 2018 WL 6737449, at *15 ("The record has been fully developed in this case, through two rounds of appeal."). Such is not the case here.[3]

Plaintiff next argues that the ALJ should not be permitted "another bite at the apple" to find evidence that supports his position, citing *Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989). In *Allen*, the Commissioner moved to remand for further proceedings because he felt it could establish that "in light of Allen's supervisory skills, there are jobs that he could perform in the national economy that were not mentioned or explored by the first vocational expert." *Allen*, 881 F.2d at 43. In other words, as the Third Circuit noted, "[t]he [Commissioner], in effect, ask[ed] th[e] court

---

[3] In Plaintiff's brief in support of the instant appeal, Plaintiff also cites to *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986), for the proposition that "[w]here there is adequate evidence in the record to find that plaintiff is disabled, and where remand would merely result i[n] the delay of benefits, the court can reverse the Secretary's decision without a remand." (D.E. No. 7 at 21). Indeed, in *Gilliland*, the court declined to remand for further proceedings where "the administrative record [wa]s well developed" and where "[s]ubstantial and uncontradicted evidence in that record indicate[d] that the Claimant is disabled." *Gilliland*, 786 F.2d at 185. However, as already described, the Court cannot say that the administrative record of this case has been fully developed and that substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. More specifically, there is competing evidence in the record in this case regarding Plaintiff's PRW that the ALJ failed to resolve. As such, *Gilliland* is distinguishable. Plaintiff additionally cites *Nangle v. Heckler*, 598 F. Supp. 341, 343 (E.D. Pa. 1984) for the similar proposition that an award of benefits is appropriate "where evidence is uncontradicted." (D.E. No. 7 at 22). This case is similarly distinguishable in that, whereas in *Nangle* the court was confident the ALJ "could not produce any substantial evidence to support a finding that the claimant is not disabled," the record in the instant case is underdeveloped. *See Nangle*, 598 F. Supp. at 342.

16

for a second chance to prove his case . . . ." *Allen*, 881 F.2d at 43–44. The Third Circuit rejected the Commissioner's request to remand the case because the claimant established a *prima facia* case of entitlement, the record was fully developed, and there was no good cause for the Commissioner's failure to adduce all the relevant evidence in the prior proceeding. *Id.* at 44. Nothing in the Commissioner's briefs leads the Court to believe that the Commissioner is merely seeking a second chance to prove the Commissioner's case. Instead—and unlike in *Allen*—there appears to be genuinely competing evidence that the ALJ failed to reconcile. *See Allen*, 881 F.2d at 41 ("[W]e perceive no conflict between the medical judgments . . . ."). As such, Plaintiff's reliance on *Allen* is unavailing.

### B. RFC Determination

In his appeal, Plaintiff also argues that the ALJ's determination at step four was not supported by substantial evidence because the ALJ improperly and without explanation rejected portions of the DDS consultants' opinions in formulating Plaintiff's RFC. (D.E. No. 7 at 18–21). The Commissioner argues that this is the type of error that can only be addressed by remand for further proceedings, as this Court cannot provide an explanation for the ALJ. (Mov. Br. at 7 n.2). As such, the Commissioner states that "to the extent that this argument has merit, it is also best addressed by further administrative proceedings and a new decision, rather than remand for a finding of disability and calculation of benefits." (*Id.*). The Court agrees with the Commissioner.

A plaintiff's RFC is the most that a plaintiff can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). When making an RFC determination, an ALJ is required to consider all evidence before him. *Burnett*, 220 F.3d at 121. "Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Id*.

As recounted above, at step four, the ALJ concluded that Plaintiff had the RFC to perform light work, with certain exceptions. (R. at 23). The ALJ found that Plaintiff could never climb ropes, ladders or scaffolds; could never be exposed to unprotected heights; could occasionally climb stairs and ramps; could never crawl; could occasionally kneel; could occasionally stoop and crouch; and could frequently balance. (*Id.*). In making this determination, the ALJ partially rejected the opinions of the DDS consultants, who had opined that Plaintiff could "occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday." (*Id.* at 25). The Court notes that the ALJ does explain why he partially rejected aspects of the DDS consultants' opinions and not others when making Plaintiff's RFC determination. The ALJ explained that he found these opinions "only partially persuasive" because they were inconsistent with the overall medical evidence in the record, which reflected that Plaintiff "is limited to light work, with additional limitations, due to severe lumbago with sciatica." (*Id.*) The ALJ further explained that he found the opinions of the DDS medical consultants partially persuasive because "the DDS consultants did not have the benefit of observing the claimant personally, and they did not incorporate the entirety of the claimant's limitations." (*Id.*). However, because remand is necessary in this case to appropriately classify Plaintiff's PRW, the Court agrees with the Commissioner and finds that Plaintiff's argument that the ALJ failed to adequately explain why he partially rejected the DDS consultants' opinions, which implicated the determination of Plaintiff's RFC, can best be addressed by further administrative proceedings as well.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Commissioner's motion to remand (D.E. No. 8) for further proceedings. Accordingly, the Commissioner's final decision is vacated and the

18

matter is remanded pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.[4]  An appropriate Order follows.

Dated: February 23, 2024                                             *s/ Esther Salas*
                                                                     **Esther Salas, U.S.D.J.**

---

[4]      After a court remands an action pursuant to sentence four of § 405(g), it must also enter final judgment that ends the action. *See Shalala v. Schaefer*, 509 U.S. 292, 297-98 (1993).